The Honorable Stephen Simon State Representative 13 Bud Chuck Lane Conway, Arkansas 72032
Dear Representative Simon:
This is in response to your request for an opinion on the proper interpretation of the bylaws of the "Enola/Mount Vernon Water Association." Specifically, you have asked about the proper method of replacement of a board member who has resigned. You note that Article 8, Section 3 of the bylaws provides in pertinent part with regard to such vacancies that: "a majority of the remaining Directors . . . shall . . . choose a successor who shall hold office until the next regular meeting of the members of the corporation, at which time the members shall elect a Director for the unexpired term or terms. . . ." (Emphasis added.) Your question is whether the time for the election of the new director by the members should be at the regular monthly meeting of the Association, or at the annual meeting, which occurs in April.
It should be noted initially that your question requires an interpretation of the bylaws of a private nonprofit corporation. The Association is not a public entity, and it does not appear that your question inquires as to the application of any applicable Arkansas statutes or other case law authority. This office is prohibited from the private practice of law (A.C.A. § 25-16-701), and as such I cannot offer advice as to the construction of these bylaws. In the past, this office has opined upon issues concerning nonprofit water associations, but always in the context of their compliance with the statutes or other laws of this state. See, e.g., Ops. Att'y Gen. 94-173 (regarding the statutory authority of a water association to charge membership fees); 92-205 (regarding whether such associations are subject to the Arkansas Freedom of Information Act); 92-115 (regarding any possible statutory immunity from liability of such water associations); 91-311 (regarding whether a water association was being operated according to state law); and 91-261 (regarding a water association's compliance with the public accountancy law).
It does not appear that your question requires an interpretation of any state statutes or other Arkansas law, but rather, seeks an opinion on the construction of the Association's purely private bylaws. Under state law, it appears that the question of how director vacancies are filled by a nonprofit corporation is controlled entirely by the bylaws and articles of incorporation of the individual association or corporation. I have found no state statutes which control the issue of the proper meeting at which a director vacancy must be filled. Under both the 1963 and 1993 "Nonprofit Corporation Acts," the matter is governed by the bylaws and articles of incorporation. See generally, A.C.A. § 4-28-211 (Repl. 1996) (pertaining to the board of directors of nonprofit corporations organized under the "Arkansas Nonprofit Corporation Act of 1963," and remaining silent as to the matter of filling vacancies); and A.C.A. § 4-33-811
(Repl. 1996) (pertaining to the filling of vacancies on boards of nonprofit corporations organized under the "Arkansas Nonprofit Corporation Act of 1993" and indicating that the question is controlled by the bylaws and articles of incorporation).
Another provision of the "Arkansas Nonprofit Corporation Act of 1993" provides, with regard to meetings, that: "If the time and place of a director's meeting is fixed by the bylaws or the board, the meeting is a regular meeting. All other meetings are special meetings." A.C.A. § 4-8-820(a) (Repl. 1996). Under this definition, assuming it is applicable to the Association,[1] both the annual and monthly meetings would in all likelihood be deemed "regular meetings" within the contemplation of the statute, assuming the monthly meetings are "fixed by the board." (The annual meeting date is fixed by the bylaws. See Bylaws, art. VII, § 1). A question may still remain, however, as to the intent of the drafters of the bylaws, and whether they intended the phrase "regular meeting" in Article VIII, § 3 (governing the filling of vacancies), to refer to the monthly or annual meeting of the Association.
In sum, therefore, because your question involves the isolated construction of the bylaws of a purely private corporation, and is not controlled by any relevant Arkansas statute, I cannot provide a definitive answer to the question posed.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] You have not enclosed the articles of incorporation of the Association. I assume from the bylaws that it was formed in 1977, but nothing in the information provided indicates whether the Association is governed by the "Arkansas Nonprofit Corporation Act of 1963" or whether it has elected, under the provisions of A.C.A. § 4-73-1701, to be governed by the "Arkansas Nonprofit Corporation Act of 1993."